UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OMAR TRIPLETT,<br><br>                Plaintiff,<br><br>    -against-<br><br>SUPERINTENDENT, GREAT MEADOW<br>CORRECTIONAL FACILITY,<br><br>                Defendant. | 24-CV-1696 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated at Great Meadow Correctional Facility ("Great Meadow") in Comstock, Washington County, New York, originally filed this submission, which consists of two letters dated February 21, 2024, and February 22, 2024, in a closed action in which he sought a writ of *habeas corpus*.[1] *See Triplett v. Reardon*, No. 20-CV-1064 (LTS) (SLC) (S.D.N.Y. Oct. 27, 2023). Because the submission included allegations regarding Plaintiff's conditions of confinement at Great Meadow, the Clerk of Court also opened the submission as a new civil action listing the Superintendent of Great Meadow as the defendant. For the following reasons, this action is transferred to the United States District Court for the Northern District of New York.

**DISCUSSION**

      Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be

---

[1] The Court in Plaintiff's *habeas* proceeding construed the letter as requesting that the Court "send [him] materials/attorneys to appeal," and denied the motion. ECF 1:20-CV-1064, 90 (S.D.N.Y. Mar. 5, 2024).

>brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that his rights were violated at Great Meadow. Because Plaintiff originally filed this submission in his closed *habeas* proceeding, he did not name any defendants or plead their residence.[2] The alleged events giving rise to Plaintiff's claims occurred at Great Meadow, which is located in Washington County, which falls within the Northern District of New York. *See* 28 U.S.C. § 112(a). Because it is unknown where any defendants reside, it is unclear whether venue is proper under Section 1391(b)(1) in either this District or Northern District of New York.[3] Even if the Court did assume that any defendants reside in this District and that venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred at Great Meadow, venue would also be proper under Section 1391(b)(2) in the Northern District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the

---

[2] The Clerk of Court added the Superintendent of Great Meadow as a defendant in order to open the action on the docket.

[3] This District – the Southern District of New York – includes the following New York counties: New York, Bronx, Westchester, Putnam, Dutchess, Orange, Rockland, and Sullivan. *See* 28 U.S.C. § 112(b).

convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred at Great Meadow in Washington County, where Plaintiff is incarcerated and where any defendants are likely employed, and it is reasonable to expect that all relevant documents and witnesses also would be in Washington County. The Northern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further

without prepayment of fees is a determination to be made by the transferee court.[4] A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 14, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

[4] The Court notes that because Plaintiff originally submitted the complaint as a letter in his *habeas* proceeding, he did not pay the filing fees or file an application to proceed *in forma pauperis* and prisoner authorization.